# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT D. ELDRIDGE,
       Appellant,

     v.

DEPARTMENT OF THE NAVY,
       Agency.

DOCKET NUMBER
SF-0752-15-0597-I-1

DATE: April 5, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert D. Eldridge, FPO, AP, pro se.

Michelle Over, FPO, AP, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal and found that he failed to prove his affirmative defense of whistleblower reprisal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to supplement the administrative judge's analysis regarding whether the appellant's alleged protected disclosure was a contributing factor in his removal, we AFFIRM the initial decision.

## BACKGROUND

¶2      Prior to his removal, the appellant was a Political and Military Advisory Officer with the agency, stationed in Okinawa, Japan. Initial Appeal File (IAF), Tab 5 at 20, 49. The agency removed the appellant, effective May 1, 2015, based on a charge of conduct prejudicial to the efficiency of the service. *Id*. at 20‑22, 30. The single supporting specification alleged that the appellant had turned over an official security video to a civilian Japanese national and known member of the media, in direct violation of an agency directive. *Id.* at 30.

¶3      The appellant filed a timely Board appeal challenging his removal and raised an affirmative defense of whistleblower reprisal. IAF, Tab 1, Tab 7, Tab 14 at 3‑4, Tab 20 at 13‑14. Specifically, the appellant alleged that he engaged in protected whistleblowing when he informed the Chief of Staff of another command, Colonel E.M., that he heard that the commanding general of the Marine Corps Installation Pacific, Major General C.H., drove a vehicle while potentially intoxicated. IAF, Tab 14 at 3, Tab 20 at 13.

¶4    The appellant withdrew his request for a hearing, and therefore, the administrative judge adjudicated his appeal based on the written record. IAF, Tab 9 at 1, Tab 22, Initial Decision (ID) at 1. The administrative judge issued an initial decision sustaining the charge, ID at 6-7, and found that the agency established a nexus between the charge and the efficiency of the service, ID at 11-12, and that the penalty of removal was reasonable, ID at 15-16. The administrative judge further found that the appellant failed to prove his affirmative defense of whistleblower reprisal. ID at 9-11. He did not address whether the appellant's disclosure regarding Major General C.H. was protected, but found that the appellant failed to prove that the disclosure was a contributing factor in the decision to remove him. ID at 9.

¶5    The appellant has filed a petition for review of the initial decision, and the agency has opposed the petition for review. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the agency proved the charge.

¶6    The parties stipulated that the appellant: (1) had turned over the video to a Japanese national in violation of the agency directive; and (2) was aware of and understood the agency directive when he turned over the video.[2] IAF, Tab 12 at 4-5, ¶¶ 12, 17. Similarly, in the appellant's response to the notice of proposed removal, he admitted that he released the video to a Japanese national who was a "known member of the media," and that he had understood the intent of the agency directive. IAF, Tab 5 at 26. On review, as he did below, the appellant argues that the instructions in the agency directive were unclear or "blurred" as

---

[2] The parties further stipulated that the agency directive was issued in response to a prior incident where the appellant's interaction with the media had resulted in a negative news article. IAF, Tab 12 at 4-5, ¶¶ 3-5.

the result of lack of unity of command within the agency.[3]  PFR File, Tab 1 at 5; IAF, Tab 20 at 11-12.  The administrative judge considered this argument, and correctly found that the agency proved the charge.  ID at 6‑7.

¶7        We agree with the administrative judge that the appellant's stipulations and admissions were sufficient to prove that the appellant engaged in the conduct alleged in the charge.  *Id.*; *see* 5 C.F.R. § 1201.63 (the parties may stipulate to any matter of fact, and the stipulation will satisfy a party's burden of proving the fact alleged); *see also Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014) (finding that an appellant's admission was sufficient to prove a charge).

¶8        We further agree with the administrative judge that the agency proved that the appellant's conduct was prejudicial to the efficiency of the service, as alleged in the charge.  ID at 7; *see* IAF, Tab 5 at 30.  The appellant failed to comply with the agency directive.  As noted by the administrative judge, as a general rule, an employee is required to comply with an agency order, even where the employee may have substantial reason to question it.  ID at 7; *Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶ 16, *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009). Further, it is well established that refusal to follow instructions adversely affects the efficiency of the service.[4]  *See Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 24 (2014) (finding that a charge of failure to follow instructions relates directly to the efficiency of the service); *Watson v. Department of Transportation*, 49 M.S.P.R. 509, 516 (1991) (finding that refusal to follow proper instructions adversely affects the efficiency of the service), *aff'd as modified*, 983 F.2d 1088 (Fed. Cir. 1992) (Table); *Blevins v. Department of the Army*, 26 M.S.P.R. 101, 104 (1985) (finding that failure to follow instructions or

---

[3] The appellant failed to identify, either below or on review, any instruction or action by the agency that would have led him to believe that it was acceptable to turn over the security video to a known member of the media.  *See* PFR File, Tab 1 at 5; IAF,  Tab 20 at 11‑12.

[4] For this same reason, we also agree with the administrative judge that the agency established a nexus between the charge and the efficiency of the service.  *See* ID at 12.

abide by requirements affects an agency's ability to carry out its mission, and is connected to the efficiency of the service), *aff'd*, 790 F.2d 95 (Fed. Cir. 1986). In sum, we discern no error in the administrative judge's finding that the agency proved the charge.

The administrative judge did not abuse his discretion in denying the appellant's motion to compel.

¶9　　On review, the appellant contends that the agency failed to produce relevant documents in response to discovery requests regarding his claims of whistleblower reprisal.[5]　PFR File, Tab 1 at 4‑8.　We construe the appellant's allegations as a claim that the administrative judge abused his discretion in denying the appellant's motion to compel discovery.　IAF, Tab 21.

¶10　　Absent a showing of an abuse of discretion, the Board will not find reversible error in an administrative judge's rulings regarding discovery matters. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013).　In this appeal, we agree with the administrative judge that the appellant's motion to compel did not meet the requirements of 5 C.F.R. § 1201.73(c)(1).　IAF, Tab 21 at 1‑2.　In pertinent part, the motion did not include a copy of the appellant's discovery requests, the agency's responses thereto, or a statement that the appellant made a good faith effort to resolve the discovery dispute with the agency and narrow the areas of disagreement.　IAF, Tab 16; *see* 5 C.F.R. § 1201.73(c)(1).　To date, it is unclear which specific discovery requests the appellant contends that the agency failed to respond to.　IAF, Tab 16; PFR File, Tab 1.

---

[5] The appellant also claims that the agency failed to produce these documents in response to a Freedom of Information Act (FOIA) request that he submitted.　PFR File, Tab 1 at 5.　However, the Board lacks jurisdiction to adjudicate the appellant's complaint that the agency did not comply with his FOIA request. *See Cortright v. Department of Transportation*, 37 M.S.P.R. 565, 570 (1988); *see also* 5 U.S.C. § 552(a)(4)(B) (determining that U.S. district courts have jurisdiction to decide disputes over an agency's compliance with FOIA).

¶11     We further agree with the administrative judge that the appellant did not make a good faith effort to resolve the discovery dispute with the agency prior to filing his motion to compel. IAF, Tab 21 at 2. With its opposition to the appellant's motion to compel, the agency submitted an email that an agency paralegal sent to the appellant, which explained how the appellant could clarify certain discovery requests so that the agency would respond to them. IAF, Tab 19 at 7-8. The appellant did not clarify his discovery requests, or attempt to narrow the areas of disagreement with the agency. IAF, Tab 16 at 3, Tab 19 at 5. Instead, he filed a motion to compel, claiming that he did not have access to some of the information that the agency requested and that he was "not confident that [his] discovery requests would be answered in a timely manner." IAF, Tab 16 at 3. For these reasons, we find that the administrative judge did not abuse his discretion in denying the appellant's motion to compel.[6] *See* 5 C.F.R. § 1201.74(a) (an administrative judge may deny a motion to compel discovery if a party fails to comply with the requirements of 5 C.F.R. § 1201.73); *see also* *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 73 (2012) (finding that an administrative judge did not abuse her discretion in denying an appellant's motion to compel where the appellant did not supply a statement that the parties had made a good faith effort to resolve a discovery dispute on their own).

The appellant failed to prove his affirmative defense of whistleblower reprisal.

¶12     On review, the appellant challenges the administrative judge's finding that he failed to prove his affirmative defense of whistleblower reprisal.[7] PFR File,

---

[6] On review, the appellant requests that the Board compel the agency to respond to his discovery requests, and provide a written statement from the Commanding General of the III Marine Expeditionary Force explaining alleged actions that he took after the agency decided to remove the appellant. PFR File, Tab 1 at 7‑8. The appellant's requests are denied.

[7] The appellant has not claimed that the security video that he disclosed to a member of the Japanese media was a protected disclosure. PFR File, Tab 1; IAF, Tab 14 at 3‑4, Tab 20 at 13‑14.

Tab 1 at 1; *see* ID at 10‑11. The most common way for an appellant to demonstrate that a protected disclosure was a contributing factor in an agency's personnel action is the "knowledge/timing" test. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 23 (2014). Under that test, an appellant can prove the contributing factor element through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* An appellant may establish imputed or constructive knowledge of his disclosures by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 12 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012), *cert denied*, 134 S. Ct. 386 (2013). In the present case, the administrative judge found that the appellant failed to prove that his alleged protected disclosure was a contributing factor in the decision to remove him, because he failed to prove that the deciding official, M.K., had knowledge of the appellant's disclosure to Colonel E.M., or that anyone with knowledge of the appellant's disclosure influenced the deciding official's decision to remove him. ID at 10‑11.

¶13    The appellant contends on review that an email chain that the agency allegedly provided to him during discovery demonstrates that Major General C.H. influenced the deciding official's decision to remove him. PFR File, Tab 1 at 4. However, the appellant did not submit the email chain as part of the record in this case.[8] We decline to consider the appellant's arguments regarding this email,

_____

[8] On review, the appellant references the email chain as "Tab 1, Discovery Document Request #7, Discovery Index, as provided by Agency." PFR File, Tab 1 at 4. However, no such document is contained in the record. The Board's official record in an appeal includes the hearing exhibits and pleadings that have been accepted into the record, the official hearing record, if a hearing is held, and all orders and decisions of the judge and the Board. *See* 5 C.F.R. § 1201.53(e).

raised in the first instance on review, because he has not demonstrated that they are based on new and material evidence that was not previously available despite his due diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶14    Alternatively, the appellant argues that it is unclear whether Major General C.H. influenced the agency's decision to remove him, because the agency did not fully respond to his discovery requests.  PFR File, Tab 1 at 4.  However, as discussed above, the appellant did not comply with the Board's discovery regulations and, as such, is responsible for the absence of evidence that he contends would potentially support his affirmative defense.  *See Walton v. Tennessee Valley Authority*, 48 M.S.P.R. 462, 468 (1991) (finding that an appellant was responsible for the absence of evidence to support his claims when he failed to exercise due diligence in pursuing discovery).

¶15    Finally, the appellant argues that the administrative judge should have assumed that Major General C.H. influenced the deciding official, because a commanding general exercises influence over the agency.  PFR File, Tab 1 at 4.  Even assuming that Major General C.H. generally exercised influence over the agency, however, the record contains no evidence that Major General C.H. had knowledge of the appellant's disclosure to Colonel E.M.  The appellant asserted that he was unaware of any action that was taken as the result of his disclosure to Colonel E.M.  IAF, Tab 14 at 3.  None of the documentation in the record indicates that the deciding official was aware of the appellant's alleged protected disclosure to Colonel E.M, or was influenced by anyone who had knowledge of the appellant's alleged protected disclosure to Colonel E.M.  For these reasons, the administrative judge properly found that the appellant failed to prove that his alleged protected disclosure was a contributing factor in the agency's decision to remove him under the knowledge/timing test.  ID at 9‑11.

¶16 However, although the administrative judge confined his analysis to the knowledge/timing test, this test is not the only way for an appellant to establish the contributing factor element. *See Daniels v. Department of Veterans Affairs*, 105 M.S.P.R. 248, ¶ 16 (2007). Where, as here, the appellant fails to satisfy the knowledge/timing test, the Board will consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 24 (2011). Therefore, we modify the initial decision to supplement the administrative judge's analysis regarding whether the appellant's alleged protected disclosure was a contributing factor in the agency's decision to remove him. Here, the agency's sole charge was proven, the appellant's alleged whistleblowing was not directed personally at either the proposing or deciding officials, and the appellant has provided no evidence that either of those officials had a desire or motive to retaliate against him. Accordingly, we conclude that the appellant failed to prove that his alleged protected disclosure was a contributing factor in his removal.

<u>The administrative judge properly found that the penalty of removal was reasonable.</u>

¶17 On review, the appellant argues that the administrative judge erred in finding that the penalty of removal was reasonable. PFR File, Tab 1 at 4-6. Where, as here, all of the agency's charges, or its sole charge, have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Adam v. U.S. Postal Service*, 96 M.S.P.R. 492, ¶ 5 (2004), *aff'd*, 137 F. App'x 352 (Fed. Cir. 2005); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In doing so, the Board must give due weight to the agency's primary discretion in maintaining

employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Adam*, 96 M.S.P.R. 492, ¶ 5. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *Id.*

¶18    In weighing the relevant factors, the deciding official considered that the appellant had no history of official discipline and that the appellant alleged that he suffered from health issues. IAF, Tab 5 at 23‑24. However, among other things, the deciding official also considered the intentional nature of the appellant's actions, the high visibility and sensitivity of the appellant's position, the fact that the appellant's actions had eroded the trust and confidence of agency leadership, the notoriety of the appellant's offense in light of the negative media coverage that it caused, the clarity with which the appellant was on notice of the directive that he was violating, and the appellant's low potential for rehabilitation. *Id.*

¶19    On review, the appellant contends that the deciding official failed to consider his past high-level performance. PFR File, Tab 1 at 4‑5. The administrative judge found that the deciding official indirectly acknowledged the appellant's performance when he stated that the appellant had "special trust and access to" certain Marine Corps commanding generals, and was involved in sensitive and confidential interactions. ID at 15; *see* IAF, Tab 5 at 23. We discern no error in this finding. The appellant argues on review that an audio recording that he provided in response to the agency's discovery requests demonstrates that the deciding official was unaware of his past accomplishments. PFR File, Tab 1 at 4-5. However, the appellant did not submit this audio

recording as part of the record in this case.[9]  *See* 5 C.F.R. § 1201.53(e). Therefore, we have not considered the appellant's arguments regarding the audio recording, raised in the first instance on review.  *See Banks*, 4 M.S.P.R. at 271.

¶20        The appellant also argues that the deciding official erred in concluding that his potential for rehabilitation was low.  PFR File, Tab 1 at 5‑6.  Among other things, he stresses that, in response to the agency's inquiries, he was forthcoming about releasing the security video.  *Id.* at 5.  However, although the appellant admitted to releasing the security video, in his pleadings below, he attempted to justify his actions, claiming that he set the record straight for the public, provided important information to the Japanese Government, and that his actions served to "restore and protect the honor and integrity" of the agency.  IAF, Tab 20 at 4. We agree with the administrative judge that the appellant's attempts to justify his actions reflects that he believed that he knew better than his superiors and that his potential for rehabilitation was low.  ID at 15‑16; *see Brown v. Department of the Air Force*, 67 M.S.P.R. 500, 509 (1995) (finding that an employee showed no potential for rehabilitation where he attempted to rationalize his actions and failed to acknowledge that they were inappropriate).

¶21        Based on the foregoing, we find that the deciding official considered the relevant *Dougla*s factors and that the agency properly exercised management discretion in imposing the penalty.  Thus, under the circumstances in this case, agree with the administrative judge that the penalty of removal was within the

---

[9] On review, the appellant attempts to explain his failure to submit the audio recording, claiming that because he was pro se, he did not understand that the agency would not provide his discovery responses to the Board.  PFR File, Tab 1 at 6.  However, in the acknowledgment order, the administrative judge specifically informed the parties that they should not submit discovery responses to the Board, unless they were filing motions to compel.  IAF, Tab 2 at 2‑3.  Furthermore, it is well established that a pro se appellant may not escape the consequences of inadequate representation.  *See Murdock v. Government Printing Office*, 38 M.S.P.R. 297, 299 (1988).

tolerable limits of reasonableness.[10]  ID at 15; *see Rooney v. Department of Agriculture*, 30 M.S.P.R. 663, 664 (1986) (sustaining a penalty of removal for conduct prejudicial to the best interests of the service) *aff'd*, 818 F.2d 876 (Fed. Cir. 1987) (Table).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

---

[10] We also have considered the appellant's arguments on review that the administrative judge failed to consider a list of several additional issues, including his alleged health issues, Major General C.H.'s alleged misconduct, the "toxic command environment," and the effect that his removal would have on community relations.  PFR File, Tab 1 at 6‑7.  Having considered these arguments, we find that they present no basis to disturb the initial decision.  The administrative judge discussed the majority of these issues in the initial decision, demonstrating that he considered them.  ID at 6, 8‑11, 14. Furthermore, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision.  *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  Finally, the appellant has failed to demonstrate that any of the issues listed would alter the outcome in this matter.

may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.